## MARY REED
### *vs.*
### LESTER REED

Superior Court      Fairfield County      File #55961

MEMORANDUM FILED NOVEMBER 9, 1938.

Wilson & Hanna, of Danbury, for the Plaintiff.

Pullman & Comley, of Bridgeport, for the Defendant.

QUINLAN, J. Upon the argument of this demurrer the right was reserved by plaintiff to file a brief in support of her contention. This reservation was overlooked by the Court and a decision filed without the assistance of that brief.

When the situation was called to the attention of the Court the decision was withdrawn and the brief accepted.

In the original memorandum reliance was placed on a decision of Judge Ells of our Court sustaining a demurrer in a similar case. Since the decision of Judge Ells the Court of Appeals of New York, in the case of *Mertz vs. Mertz,* 271 N.Y. 466, has considered the effect of our law allowing a wife to sue her husband, in New York State, where a disability attaches to both husband and wife, for an injury sustained in Connecticut. Among other things the New York Court said (p. 469): "A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage." The Court said further (p. 470): "A cause of action for personal injuries is transitory. Liability follows the person and may be enforced wherever the person may be found."

The Court also said (p. 471), and our Court is in accord with this principle, that "the test of a right to resort to the courts of this State for enforcement of a foreign right exists 'unless help would violate some fundamental principle of justice, some prevalent conception of good morals, some deep rooted tradition of the common weal'."

Also, the New York Court announced (p. 473) that "the law of the forum determines the jurisdiction of the courts, the capacity of parties to sue or to be sued, the remedies which are available to suitors and the procedure of the courts."

If the unlawful act has not ceased to be such and the action is transitory and the law of the forum accords a wife the right to sue her husband and it is not against our public policy, then it is difficult to see the merits of the demurrer and I am constrained to reverse my original impressions and consequently overrule the demurrer.